IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL A. ROSBERG,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTHONY SORENSON, MARK DUNCAN, BRIAN EDING, TIMOTHY STOPAK, TIMOTHY DOGGETT, KEVIN BRUNING, DANIEL PARKER, DEREK C. WEIMER, KYLE KUEBLER, JASON BAUER, SETH MILLER, JOHN DOE, and JANE DOE,<br><br>    Defendants. | 8:25CV644<br><br>ORDER ON MOTION TO SUBSTITUTE AND ORDER TO SHOW CAUSE |

    This matter is before the court on Defendant Anthony Sorenson's Motion to Substitute Party (Filing No. 5) filed by the United States of America ("the Government"), and the Motion to Withdraw As Attorney filed by counsel for Mark Duncan, a named defendant in the complaint originally filed in state court. For the reasons that follow, the motion to substitute will be granted. The government will be ordered to show cause why the removal was filed as to Sorenson only, rather than as to all Defendants named in the original complaint.

BACKGROUND

    Plaintiff filed a pro se action against Anthony Sorenson, a Special Agent with the Bureau of Alcohol Tobacco, Firearms, and Explosives, and numerous other defendants. Collectively, the defendants are alleged to be law enforcement officers for the U.S. Government, the State of Nebraska, and the City of Creighton, but the complaint does not

1

distinguish which agency employs each of the individual defendants. (Filing No. 1-1). Plaintiff filed the complaint for the alleged theft of items during the execution of a search warrant at the residence of Samuel Rosberg, Plaintiff's son.

The Government subsequently removed this action pursuant to 28 U.S.C. § 28 U.S.C. 2679(d)(2) (Filing No. 1) and filed the pending Notice of Substitution to substitute itself for Defendant Athony Sorenson. (Filing No. 5). On November 12, 2025, counsel for Defendant Mark Duncan filed a motion to withdraw. (Filing No. 11). Counsel indicated they conferred with the U.S. Attorney's Office who informed them that this matter was removed by Sorenson only, under the Federal Tort Claims Act and indicated that the remainder of the state court action remained in Knox County. Accordingly, counsel for Duncan requested permission to withdraw from this case and proceed in defending the action against Duncan in state court in Knox County.

## I. Motion to Substitute

In relevant part, 28 U.S.C.A. § 2679(d)(2) states:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

The United States Attorney for the District of Nebraska, Lesley Woods, certified that Sorenson was acting within the scope of his employment as an employee of the United States at the time of the conduct alleged in the complaint. Filing No. 1. Specifically, the certification states:

I, Lesley A. Woods, United States Attorney for the District of Nebraska, acting pursuant to the provision of 28 U.S.C. § 2679, and by virtue of the

authority vested in me by 28 C.F.R. § 15.4, hereby certify that I have read the Complaint in this action and all attachments thereto. On the basis of the information now available with respect to the allegations therein, I find that the individual Defendant, ANTHONY SORENSON, was acting within the scope of his employment as an employee of the United states at the time of the conduct alleged in the Complaint.

(Filing No. 1-2).

For purposes of removal, this certification conclusively vests this court with subject matter jurisdiction over Plaintiff's claims. *Kaufman v. Griffith*, No. 8:20CV248, 2020 WL 4754943, at *3 (D. Neb. July 31, 2020), report and recommendation adopted, No. 8:18CV248, 2020 WL 4753321 (D. Neb. Aug. 17, 2020), citing *Osborn v. Haley*, 549 U.S. 225, 242 (2007); *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995) (interpreting 28 U.S.C.A. § 2679(d)(2)). The Plaintiff bears the burden of challenging the Attorney General's scope of employment certification. *Kaufman*, at * 3. Plaintiff has not come forward with any evidence to rebut the certification or filed any response to the pending motion to substitute and the time for doing so has passed. Accordingly, substitution of the United States of America as defendant for Sorenson is appropriate. See *Meijers v. People's Health Cntr.*, No. 4:13-CV-3064, 2013 WL 3270548, at *2 (D. Neb. June 26, 2013); *Carrizales v. United States*, 8:14CV3104, 2014 WL 4471602, at *3 (D. Neb. Sept. 10, 2014).

II.     Motion to Withdraw

The Federal Tort Claims Act ("FTCA") provides the exclusive remedy for any injury "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b). In an FTCA suit, "the United States shall be substituted as the party defendant" "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." Id. § 2679(d)(1). *Kearns v. United States*, 23 F.4th 807, 811 (8th Cir. 2022). As noted, above, the Attorney General by and through the U.S. Attorney have provided such certification. In the absence of any argument by Plaintiff that Sorenson was not acting

3

within the scope of his employment, there can be little doubt that the claim against the Government for any wrongful act or omission by Sorenson should be removed to this court. The question remaining is whether the removal procedure by the government was proper, as it purports to remove the claims against Sorenson <u>only</u> ("the United States shall be substituted as sole Defendant" ([Filing No. 5](#))), and the government allegedly informed Duncan's counsel that the claims against the other defendants are still pending in Knox County. The undersigned is not aware of any authority to remove the claims against a single defendant, rather than removing the whole action.

On or before <u>December 17,</u> 2025, the government shall show cause for the "partial" removal of this action, including any authority to forego providing notice to the other defendants who were served prior to removal. (See [Filing No. 1](#); [Filing No. 4](#)). The court will reserve a ruling on the pending motion to withdraw as counsel until after the government's response.

Accordingly,

IT IS ORDERED:

1) The Notice of Substitution, [Filing No. 5](#), is granted as follows:
    a. The United States of America is substituted as Defendant in place of Anthony Sorenson.
    b. The Clerk shall correct the Court's docket accordingly.
2) On or before <u>December 17, 2025</u>, the United States of America shall show cause for the partial removal of the claims originally asserted in the District Court for Knox County.

Dated this 4th day of December, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge
