IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL A. ROSBERG, | 8:25CV644 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, MARK DUNCAN, BRIAN EDING, TIMOTHY STOPAK, TIMOTHY DOGGETT, KEVIN BRUNING, DANIEL PARKER, DEREK C. WEIMER, KYLE KUEBLER, JASON BAUER, SETH MILLER, JOHN DOE, and JANE DOE, | |
| Defendants. | |

This matter comes before the Court on Defendant's, United States of America, motion to dismiss for lack of subject matter jurisdiction. Filing No. 13. For the reasons set forth herein, the Court grants the motion, dismisses the United States of America, and remands the case to state court.

I.    BACKGROUND

Paul Rosberg filed a pro se complaint in the District Court for Knox County, Nebraska, against several named defendants including Anthony Sorenson and against John Doe defendants. Filing No. 1-1 at 1. Rosberg alleged Defendants had fraudulently obtained a search warrant for Rosberg's son's house and had unlawfully confiscated valuable items therefrom, including items and money belonging to Rosberg. Id. at 3.

Defendant Sorenson removed the case to this Court pursuant to 28 U.S.C. § 2679 which provides for mandatory removal of actions for damages against federal employees. Sorenson stated he was acting within the scope of his employment as a special agent

1

with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") during the events alleged in Rosberg's complaint.  *See* Filing No. 1-2 at 1.  Under the same statute, the United States of America moved to substitute itself as Defendant in place of Sorenson.  *See* 28 U.S.C. § 2679(d)(1) (stating that in actions against a governmental employee, "the United States shall be substituted as the party defendant").  Filing No. 5; Filing No. 12.

The United States now moves to dismiss Rosberg's complaint against it, alleging his exclusive remedy is pursuant to the Federal Tort Claims Act ("FTCA") which requires administrative exhaustion prior to filing suit.  Because Rosberg failed to meet this prerequisite, the United States argues the Court lacks subject-matter jurisdiction over his claim against it.  In conjunction with its motion, the United States submitted the declaration of Katherine Bolton, Associate Chief Counsel of the Litigation Division for the ATF.  Filing No. 14-1.  She elaborated on the process of submitting an FTCA administrative claim against the ATF.  *Id.* at 2.  According to Bolton, when an individual presents a tort claim to the ATC either by submitting it to ATF headquarters or by presenting it at a field office, the claim is forwarded to the ATF litigation division, stamped with date and time of receipt, and entered as a new case in the Office of Chief Counsel case management system, a searchable computer database.  *Id.*  Bolton searched the Office of Chief Counsel case management system and found no record of any administrative tort claim made by Rosberg.  *Id.*

Rosberg did not respond to the United States' motion to dismiss or submit any evidence relating to the question of administrative exhaustion.

## II.   STANDARD OF REVIEW

For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction are presumed true and the motion can succeed only if the plaintiff has failed to allege an element necessary for subject matter jurisdiction. *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 (8th Cir. 2003) (noting that facial attack on the pleading under Rule 12(b)(1) is subject to the same standard as a motion brought under Rule 12(b)(6)).

In contrast, in a factual attack on subject-matter jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and no presumptive truthfulness attaches to the plaintiff's allegations. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). The plaintiff has the burden of proving that jurisdiction exists by a preponderance of evidence. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

Here, the United States mounts a factual attack upon subject-matter jurisdiction, meaning the Court can consider the evidence it submits in support of its motion.

## III.   ANALYSIS

### A. Subject-Matter Jurisdiction

The United States contends Rosberg has failed to exhaust his administrative remedies and the Court therefore lacks subject-matter jurisdiction over his tort claim. The

Court agrees it lacks jurisdiction and must dismiss Rosberg's claim against the United States.

"The FTCA waives the government's immunity in certain tort suits by providing that the 'United States shall be liable [for torts] . . . in the same manner and to the same extent as a private individual under like circumstances.'" *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006) (quoting 28 U.S.C. § 2674).  However, under the FTCA, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

Rosberg's claim that law enforcement stole his property is a tort for which the exclusive remedy is pursuant to the FTCA.  The only evidence before the Court, Bolton's declaration, demonstrates that Rosberg has not exhausted his administrative remedies. "[S]uch presentment is a jurisdictional prerequisite" to a suit under the FTCA.  *Rollo-Carlson as Tr. for Flackus-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020). Accordingly, Rosberg has failed to meet his burden of proving the Court has subject-matter jurisdiction over the claim against the United States.  The Court grant the United States' motion to dismiss.

### B.  Remedy

It is not apparent from Rosberg's complaint the identity of the other Defendants. Based on the allegation of an unlawful warrant and search, it is likely many, or all are state law-enforcement officers.  However, their exact identity is not necessary for the Court to conclude remand is the appropriate remedy.  This case was removed solely on the basis of Defendant Sorenson (now the United States) being a government employee.  Having

concluded the FTCA claim against the United States must be dismissed, there is no longer a statutory basis for the Court to continue to exercise jurisdiction over the case.  The Court concludes it is appropriate to remand this case back to the state court for further proceedings against the remaining defendants.

IV.    **CONCLUSION**

For the foregoing reasons, the United States's Motion to Dismiss is granted.

IT IS ORDERED:

1. Defendant United States of America's motion to dismiss, Filing No. 13, is granted. The claims against the United States of America are dismissed, and the United States of America is dismissed as a party to this action.

2. This case is remanded to the Knox County, Nebraska, District Court.  The Clerk of Court is ordered to send a copy of this Order to the Clerk of the Knox County District Court.


Dated this 25th day of February, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

5